

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAWN JEANETTE ZUL,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.    20-35404

D.C. No. 6:19-cv-00423-BR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted November 10, 2021**
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and WU,*** District Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Dawn Zul appeals the district court's order affirming the Commissioner of Social Security's decision denying her claim for Social Security disability benefits and supplemental security income.  We review the matter de novo, and set aside a denial of benefits only if it is not supported by substantial evidence or if the administrative law judge (ALJ) committed legal error.  *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).  Because the parties are familiar with the facts, we do not recite them here.

First, the ALJ provided legally sufficient reasons for giving "little weight" to the opinion of Dr. Weiss, Ph.D., an examining psychologist.  Dr. Weiss opined that Zul would have marked limitations in understanding, remembering, and persisting in tasks when following very short and simple instructions; he also observed Zul had marked limitations in maintaining appropriate behavior in a work setting.  The ALJ determined that this opinion was not supported by the record and observed that Zul reported she was capable of caring for her personal hygiene, preparing meals, performing household chores, and caring for her daughter independently.

Substantial evidence supports the ALJ's decision to grant Dr. Weiss's opinion "little weight."  Dr. Weiss's opinion conflicted with the opinions of Drs. Ryan, Eather, and Ju.  Dr. Ryan,  a consulting examiner, observed that Zul was able to arrive punctually to her appointment, respond appropriately to his

2

questions, be mindful of social interactions, and exhibit normal behavior, speech patterns, judgment, and thought content. He also reported that Zul was able to follow simple instructions and focus for short periods of time. Dr. Eather and Dr. Ju observed that Zul would have only moderate limitations in concentration/persistence/pace, social functioning, and activities of daily living.

Because Dr. Weiss's opinion conflicted with opinions by other doctors, the ALJ had to provide "specific and legitimate reasons" for rejecting the opinion. *E.g.*, *Smith v. Kijakazi*, 14 F.4th 1108, 1114 (9th Cir. 2021). Substantial evidence supports the ALJ's conclusion that the full range of limitations described by Dr. Weiss conflict with Zul's reported daily activities. For example, the ALJ reasonably concluded that Zul's caring for her young daughter requires an ability, contrary to Dr. Weiss's assessment, to "[p]erform activities within a schedule" and to "persist in tasks by following very short and simple instructions."

Second, the ALJ reasonably incorporated the limitations identified by Dr. Ryan in her assessment of Zul's residual functional capacity (RFC). Dr. Ryan opined that Zul's "ability for accepting instructions from supervisors and interacting with co-workers and/or the public was moderately impaired." The ALJ's RFC determination accounted for and did not contradict Dr. Ryan's assessment of Zul's capacity to respond to supervision. The ALJ found that Zul

3

could work under supervision *in limited contexts* (e.g., without public interaction, without fast-paced tasks), which amounts to an acknowledgment of a moderate limitation. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1107 (9th Cir. 2018) (holding the ALJ adequately accounted for a doctor's opinion about the claimant's "moderate" social limitations by limiting him to occasional coworker interaction). The ALJ also gave weight to the opinions of Dr. Eather and Dr. Ju, both of whom concluded that Zul would have no problems interacting with supervisors.

**AFFIRMED.**